# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-40674
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRISTIAN JOSE GOMEZ-FAJARDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-1618

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Cristian Jose Gomez-Fajardo appeals his conviction of unlawfully transporting an undocumented alien within the United States and conspiracy to do the same. He argues that the district court reversibly erred when it excluded his "reverse 404(b)" evidence. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40674

## I.

On August 10, 2020, Cristian Jose Gomez-Fajardo drove a blue Nissan Versa to a United States Border Patrol checkpoint near Laredo, Texas. He had three passengers with him: Cristian Chanel Rosario, a United States legal permanent resident, and two illegally present Mexican immigrants.

One of the Mexican immigrants testified as follows. He paid $8,000 for someone to smuggle him into the United States; as part of his transport, he was told to find a blue car in a parking lot of a pizza place. He arrived at that parking lot to see the blue Nissan Versa with Rosario sitting in the driver's seat. Rosario asked him where the immigrants were from, and he told Rosario they were from Mexico. After Gomez-Fajardo joined the trio, Rosario moved to the backseat, Gomez-Fajardo got into the driver's seat, and he began to drive the car to San Antonio. On the way, the immigrants asked Gomez-Fajardo "how the crossing was going to happen," and Gomez-Fajardo told them "to relax," that he "was going to take care of it," and that he "would be doing the talking."

When the four men arrived at the checkpoint, one of the immigrants informed the border patrol agent conducting the inspection that he was "illegal" and that agent removed the men from the car. Gomez-Fajardo was subsequently interviewed by another border patrol agent and explained that he had stopped at the store where the immigrants approached him and offered to pay him "a lot" to drive them to San Antonio. He refused to answer any more questions.

Gomez-Fajardo was subsequently charged with unlawfully transporting an undocumented alien within the United States and conspiracy to do the same in violation of 8 U.S.C. § 1324. Gomez-Fajardo's argument in his defense was that he did not know that his passengers were

undocumented and that he was duped by Rosario into transporting them. In support of that theory, Gomez-Fajardo filed a motion with the court to admit "reverse 404(b)" testimony from a border patrol agent that, one month before this incident, Rosario had been detained (though not charged) at that same border patrol checkpoint as a passenger in a different vehicle transporting undocumented persons. He explained this evidence supported his theory of innocence because it showed that Rosario duped Gomez-Fajardo into unwittingly driving the undocumented passengers.

The district court denied the motion to admit the testimony, finding the connection between Rosario's prior detention and the purported duping of Gomez-Fajardo to be overly speculative and thus excluded the evidence under Federal Rules of Evidence 401 and 403. At trial, Gomez-Fajardo again attempted to admit the evidence of Rosario's prior detention. While the district court admitted evidence that Rosario had previously passed through the checkpoint, it excluded the evidence regarding Rosario's prior detention. The jury proceeded to find Gomez-Fajardo guilty on both counts. Gomez-Fajardo timely appeals.

## II.

"Review of a trial court's evidentiary rulings is for abuse of discretion[.]" *United States v. Alaniz*, 726 F.3d 586, 606 (5th Cir. 2013) (quoting *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011)). A trial court abuses its discretion if it makes its ruling based on "an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quoting *United States v. Ragsdale*, 426 F.3d 765, 774 (5th Cir. 2005)). "A 'trial court is afforded wide discretion in assessing the relevance and prejudicial effect of evidence.'" *Id.* (quoting *United States v. Seale*, 600 F.3d 473, 494 (5th Cir. 2010)).

### III.

Gomez-Fajardo contends the district court legally erred first by requiring that he establish Rosario's guilt of the prior crime beyond a reasonable doubt and second by applying the government-based 404(b) standard rather than the defendant-based standard. *See United States v. McClure*, 546 F.2d 670, 672–73 (5th Cir. 1977) (explaining that a court may be more lenient when a defendant seeks to admit 404(b) evidence rather than the government). Neither argument has merit. The district court did not impose a beyond-a-reasonable-doubt requirement, but simply found Gomez-Fajardo's evidence too speculative. Nor did the court apply the government-applicable 404(b) standard; it merely recognized that, by comparison, the evidence would clearly fail the 404(b) test that is applied to the government.

Gomez-Fajardo's primary argument is that the district court improperly found that the evidence was too speculative to be admitted in light of Rule 403. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. We have previously explained that, under Rule 403, while "[e]vidence of third-party guilt is admissible if the evidence by itself or along with other evidence demonstrates a nexus between the third party and the crime charged," that nexus cannot be merely "speculative because 'speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice.'" *United States v. Settle*, 267 F. App'x 395, 398 (5th Cir. 2008) (quoting *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007)); *see also Holmes v. South Carolina*, 547 U.S. 319, 327 (2006) (explaining that evidence of third-party guilt "may be excluded where it does not sufficiently connect the other person to a crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact

in issue at the defendant's trial" (quoting 40A Am. Jur. 2d, *Homicide* § 286 (1999))).

Gomez-Fajardo argued that Rosario's prior detention was relevant to prove that Gomez-Fajardo lacked knowledge of his passenger's status and that Rosario was the mastermind behind the incident. He posited that, because Rosario had previously been a passenger in a vehicle detained at the border patrol checkpoint and was not charged with a crime related to that act, Rosario learned that acting as a passenger would enable him to get away with transporting undocumented immigrants again in the future. It follows, according to Gomez-Fajardo, that Rosario used that knowledge to become a "puppeteer" and trick Gomez-Fajardo into driving the undocumented passengers without informing him that the passengers were undocumented. But this chain of logic is precisely the sort of remote, speculative blaming that we have found Rule 403 prohibits. Gomez-Fajardo does not submit any evidence that suggests historical control by Rosario that would have been repeated here, nor evidence that supports his being tricked by Rosario. He simply states that, because Rosario was previously a passenger in a similar situation, one could infer Rosario's total control and trickery here. That reaches beyond a reasonable inference, and thus, the district court properly found the evidence too speculative to be admitted. *Cf. Settle*, 267 F. App'x at 398 (finding reverse 404(b) evidence inadmissible where the defendant sought to use a third party's prior presence at incidents where the victim was harmed to establish that the third party was the real perpetrator of an assault for which the defendant was convicted).

## IV.

The district court's judgment is therefore AFFIRMED.